**REITLER, Estate of, In re.**

Probate Court, Muskingum County.

No. 42157. Decided March 3, 1956.

Karl D. Schmid, for complainant.
Ralph G. Marshall, for administrator.

## OPINION

By GARY, J.

This action was brought under §§2109.50 and 2109.52 R. C. A complaint was filed in the following form:

The undersigned respectfully represents that she is a daughter and heir-at-law of Chris Reitler, deceased; that she has good reason to and does suspect that Argyle Smoke, as Administrator of said estate, and Lillie Reitler Welker, as the widow and an heir-at-law of said deceased, have concealed, embezzled or conveyed away moneys, goods, chattels, things in action, or effects of said Chris Reitler, deceased.

Wherefore, she asks that a writ of citation may issue against the said Argyle Smoke and Lillie Reitler Welker requiring them forthwith to appear before said court, then and there to be examined, on oath, touching the matter of this complaint, and that such proceedings may be had in the premises as are authorized by law.

s/  Violet Reitler Carter

The record in this case shows that Chris Reitler died on June 24, 1943 and that letters of administration were issued to Argyle Smoke on July 2, 1943. The inventory and appraisement was filed on August 6, 1943. The first and final account was filed on February 7, 1945 and was approved on March 12, 1945. The account was accompanied by the proper vouchers, including a receipt purportedly signed by Violet Keith, daughter of deceased, now Violet Carter, the complainant herein, for the amount of her distributive share of the estate in the sum of $3192.56.

The complainant is now claiming that her signature on the receipt, as well as her signature on the Waiver of Notice to the Inventory and Appraisement, are forgeries, and that in fact she never received her distributive share, but that it was withheld by her mother, Lillie Reitler. Considerable evidence has been offered in support of this contention.

The first point to be decided is whether or not it is possible to render judgment on a complaint filed in this manner. The section under which the complaint is filed specifically refers to "moneys, chattels or choses in action of such estate." In other words, the property must have been concealed, embezzled or conveyed away from the estate. If the person accused is found to be guilty, a judgment may be rendered in favor of the fiduciary, except that if the fiduciary is guilty, the judgment is rendered in favor of the state and a successor fiduciary is appointed.

In the instant case, there is no claim that the assets have been concealed from the estate, but rather, that complainant's distributive share has been withheld from her. However, the final account of the Administrator was filed and approved in 1945, and no exceptions were filed to the account, or motion filed to vacate the order of settlement of the account. Sec. 2109.35 R. C., provides that such order of settlement shall have the effect of a judgment, and shall only be vacated as set out in such section. A motion to vacate such an order on the ground of fraud must be made within one year after discovery of the fraud. Whether the account in this estate could now be vacated, we are not required to say at this time. Even if it were to be vacated, there is considerable doubt whether any finding against the administrator could be made, on the basis of the evidence submitted in this case.

Since it is the finding of this court that no judgment can be rendered in favor of the complainant herself, no judgment can be rendered in favor of the estate so long as the order of settlement of the final ac-

count stands, it is not necessary to determine whether the purported signature of Violet Keith is a forgery. The complaint will be dismissed.

Exceptions noted for Complainant.